IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK KELLAR, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. 5:21-CV-15 |
| | § | |
| UDELHOVEN OILFIELD SYSTEM | § | |
| SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF MARK KELLAR'S ORIGINAL COMPLAINT AND JURY DEMAND**

### Introduction

This is an action for unpaid overtime under the Fair Labor Standards Act (FLSA). Plaintiff Mark Kellar was formerly employed by Defendant Udelhoven Oilfield System Services, Inc. as a construction superintendent paid exclusively on a day-rate basis. Under applicable Fifth Circuit precedent, *see Hewitt v. Helix Energy Solutions Group, Inc.*, No. 19-20023 (5th Cir., Dec. 21, 2020), Plaintiff was non-exempt from the FLSA's overtime provisions. Plaintiff worked extensive amounts of "overtime" but was not paid the statutorily-required overtime premium for his overtime hours. Plaintiff now sues for damages.

### Parties

1. Plaintiff Mark Kellar is an individual currently residing in Solgohachia, Arkansas. He may be served with papers in this case through the undersigned counsel.

2. Defendant Udelhoven Oilfield System Services, Inc. is a foreign for-profit corporation organized under the laws of the State of Alaska. It maintains its principal place of

1

business at 184 E. 53rd Ave., Anchorage, AK 99518. It may be served with process through its registered agent, Corporation Service Company dba CSC- Lawyers Incorporating Service Company, at 211 E. 7th. Street, Suite 620, Austin, Texas 78701.

## Jurisdiction and Venue

3. The Court possesses personal jurisdiction over Defendant because Defendant is registered to conduct business in Texas, because Defendant maintains premises in Texas, and because Defendant continuously conducts business in Texas. The Court possesses subject-matter jurisdiction over this case under 28 U.S.C. Section 1331 because Plaintiff brings his lawsuit under the Fair Labor Standards Act. Venue is proper in the Western District of Texas because Plaintiff worked for Defendant within the Western District and because Defendant maintains its Texas offices in Floresville, Wilson County, Texas.

## Factual Background

4. Defendant is an oilfield construction company based in Alaska. It maintains operations in Alaska, Texas, and a number of other states and foreign countries. Plaintiff was last employed by Defendant as a construction superintendent from August 20, 2018 until October 20, 2020, when he was laid off. Plaintiff worked primarily in the Western and Southern Districts of Texas, although he also worked some stints in Alaska. Throughout this period, he was paid exclusively on a day-rate basis. Plaintiff's day rate was $550.00 until approximately August of 2019, when it was increased to $600.00. If Plaintiff worked a particular day, then he received his day rate for the day in question. He was not paid for days he did not work. Plaintiff's hours and work schedule varied, but he normally worked six to seven days per week. When Plaintiff took days off, he was not paid. Throughout his tenure, Plaintiff worked extensive amounts of overtime, but was not paid an overtime premium for the hours he worked over forty each work week.

### Cause of Action: Unpaid Overtime under the FLSA

5. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 4 supra.

6. Defendant is an employer within the meaning of the FLSA in that Defendant continuously engages in interstate commerce and has annual gross sales well in excess of $500,000. Likewise, Plaintiff was at all times relevant to this lawsuit a direct, W-2 employee of Defendant.

7. At all times relevant to this lawsuit, Plaintiff was paid exclusively on a day-rate basis. As a day-rate employee, Plaintiff received a flat day rate for each day during which he worked. However, if Plaintiff did not work a particular work day, he received no pay for that day. There was no guaranteed pay other than the day rate for the days on which he worked. This day-rate arrangement did not qualify as a salary for purposes of the FLSA's white collar exemptions because it did not meet the requirements of 29 CFR Section 541.604(b). As such, the FLSA's "white collar exemptions" did not apply to Plaintiff, and Plaintiff was a non-exempt employee. Under the FLSA and was entitled to receive the statutorily-mandated overtime premium for hours worked over forty in each workweek. Plaintiff worked extensive amounts of overtime but was never paid the overtime premium on his overtime hours.

8. Pursuant to 29 U.S.C. Section 216(b), Plaintiff now sues for the unpaid overtime due him and an equal amount in liquidated damages. Plaintiff further pleads that Defendant's violations of the FLSA with respect to Plaintiff were willful, and as such, Plaintiff is entitled to invoke the FLSA's three-year statute of limitations. Plaintiff also seeks an award of attorney fees and costs of court.

## Jury Demand

9. Plaintiff demands a trial by jury.

## Conclusion and Prayer

10. Plaintiff prays that, upon final judgment, he be awarded the following:

1. Unpaid overtime;

2. An equal amount in liquidated damages;

3. Attorney fees;

4. Costs of court; and

5. All other relief to which he is entitled.

Respectfully submitted,

/s/ MICHAEL V. GALO, JR.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile:210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
MARK KELLAR